* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission modifies the Opinion and Award of Deputy Commissioner Baddour and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and over the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on the date of the injury/occupational disease.
4. An employment relationship existed between plaintiff and defendant-employer on the date of the injury/occupational disease.
5. Defendant-employer was insured by Broadspire f/k/a/ Kemper Insurance Company on the date of the injury/occupational disease.
6. Plaintiff last worked for defendant-employer on March 26, 1998.
7. Plaintiff's average weekly wage is $206.00, yielding a compensation rate of $137.33.
8. Plaintiff claims temporary total disability compensation, permanent total disability compensation and medical benefits.
9. Plaintiff received vacation pay from March 26, 1998 until April 13, 1998 and unemployment benefits of $94.00 per week for twenty-four weeks (May 11, 1998 to October 24, 1998) thereafter, or a total amount of $2,256.00.
10. Defendants accept the compensability of plaintiff's claim for bilateral carpal tunnel syndrome and responsibility for related medical expenses.
11. The sole issue on appeal is the amount of attorney's fees awarded to plaintiff's counsel.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Baddour, plaintiff was 67 years of age. She worked for defendant-employer as a sewing machine operator.
2. On March 26, 1998, plaintiff was laid-off by defendant-employer due to economic considerations unrelated to her personal medical condition. At the time plaintiff was laid-off, five other workers were also laid off due to the same economic considerations. Plaintiff received unemployment benefits from May 11, 1998 through October 24, 1998.
3. As a result of repetitive motion associated with her duties as a sewing machine operator, plaintiff was diagnosed as having bilateral carpal tunnel syndrome. Notice of plaintiff's claim for bilateral carpal tunnel syndrome was provided to defendants in approximately March 1999, based upon a diagnosis by her treating physician, Dr. Gilbert Whitmer. Subsequently, plaintiff was referred to Dr. Richard P. Holm, a board certified orthopaedic surgeon. Dr. Holm performed carpal tunnel release surgery on plaintiff's right wrist on April 22, 1999 and on her left wrist on June 3, 1999.
4. Following a recovery period, the release surgeries were successful in relieving plaintiff's symptoms, and Dr. Holm released plaintiff to return to work with no restrictions. Due to plaintiff having undergone surgery and having reached maximum medical improvement, she was assigned a ten percent (10%) permanent partial impairment rating to each of her hands. Following her full duty release, plaintiff received no further treatment related to her wrists.
5. Upon Order of Deputy Commissioner Baddour, Dr. Holm examined plaintiff on April 13, 2005 prior to his deposition. Based upon this examination, Dr. Holm testified that plaintiff had no problems with regard to her bilateral carpal tunnel syndrome for which she had surgery in 1999. *Page 4 
6. Based upon the testimony of Dr. Holm, the undersigned find that plaintiff was unable to work due to her carpal tunnel syndrome for a period of six weeks following each of her carpal tunnel release surgeries on April 22, 1999 and June 3, 1999; therefore, plaintiff was unable to work due to her bilateral carpal tunnel syndrome from April 22, 1999 through July 15, 1999.
7. Dr. Holm testified, and the undersigned find as fact, that plaintiff's arthritic condition in her hands, which may be disabling, is not causally related to her admittedly compensable bilateral carpal tunnel syndrome. Any disability from which plaintiff presently suffers, or any physical limitations she may have, are from conditions not related to her workers' compensation claim.
8. Plaintiff's legal counsel has provided valuable legal services, including but not limited to the preparation and trial of this workers' compensation action. A reasonable attorney fee would be twenty-five percent of the benefits awarded pursuant to this Opinion and Award.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to temporary total disability compensation for the period from April 22, 1999 through July 15, 1999. Because she did not reach maximum medical improvement until after this period of temporary total disability, plaintiff is not required to make an election of remedies between this compensation and her permanent partial disability rating. N.C. Gen. Stat. §§ 97-29 and 97-31. *Page 5 
2. Plaintiff is entitled to permanent partial disability compensation for forty (40) weeks as a result of the ten percent (10%) rating to each of her hands. N.C. Gen. Stat. § 97-31.
3. Plaintiff's counsel of record is entitled to a reasonable attorney fee. A reasonable attorney fee in this action is twenty-five percent of the benefits awarded. N.C. Gen. Stat. § 97-90.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 A W A R D
1. Subject to the attorney's fee approved below, defendants shall pay temporary total disability compensation to plaintiff for the period from April 22, 1999 through July 15, 1999. Because this compensation has accrued, it shall be paid in a lump sum.
2. Subject to the attorney's fee approved below, defendants shall pay permanent partial disability compensation to plaintiff for a total of forty (40) weeks for the ten percent (10%) rating to each of her hands. Because this compensation has accrued, it shall be paid in a lump sum.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the compensation due plaintiff pursuant to this award and paid directly to plaintiff's counsel.
4. Each side shall bear its own costs.
This the __ day of March, 2007.
S/_______________________ DANNY LEE MCDONALD COMMISSIONER
 CONCURRING: S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1